JOANNA L. BROOKS, Bar No. 182986
jbrooks@littler.com
DOMINIQUE N. THOMAS, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Fax No.:      925.946.9809

Attorneys for Defendants
AMI EXPEDITIONARY HEALTHCARE, LLC; and
AMI EXPEDITIONARY HEALTHCARE (USA), LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SAVATTIERI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMI EXPEDITIONARY HEALTHCARE, LLC, a Delaware liability company; AMI EXPEDITIONARY HEALTHCARE (USA), LLC, a Wyoming limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.<br><br>**SUPPLEMENTAL DECLARATION OF JOANNA L. BROOKS IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 (CAFA), 1441, 1446 AND 1453**<br><br>Complaint Filed:  September 10, 2021<br><br>(*Los Angeles County Superior Court* Case No. 21STCV33372) |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

SUPPLEMENTAL DECL. OF JOANNA BROOKS ISO
DEFTS' NOTICE TO FEDERAL COURT OF REMOVAL

I, JoAnna L. Brooks, declare and state as follows:

1.     I am a Shareholder at the law firm of Littler Mendelson, PC, counsel of record for Defendant AMI Expeditionary Healthcare, LLC and Defendant AMI Expeditionary Healthcare USA, LLC (jointly "Defendants") in the present action. I have personal knowledge of the following facts, and if called to testify, I could and would competently testify to these facts.

2.     On October 27, 2021, I caused to be filed Defendants' Notice to Federal Court of Removal from State Court pursuant to 28 U.S.C. Sections (CAFA), 1441, 1446 and 1453, the Declaration of JoAnna Brooks in Support of the Notice of Removal, the Declaration of Tim Moore in Support of the Notice of Removal and the Declaration of Lydia A. Miller in Support of the Notice of Removal; a Civil Cover Sheet, A Certificate of Interested Parties, and a Corporate Disclosure Statement ("Removal Filing").

3.     On October 28, 2021, I received notice from this Court that a conformed copy of Defendants' Answer to Plaintiff's Complaint in State Court was required and omitted from Defendants' Removal Filing.  The Answer attached as Exhibit B to the Declaration of JoAnna Brooks in Support of Defendants' Notice of Removal to Federal Court was not a conformed copy.

4.     Attached hereto as **Exhibit A to** this Supplemental Declaration in Support of Defendants' Notice to Federal Court of Removal from State Court is a true and correct copy of the conformed copy of Defendants' Answer filed in the Superior Court of the State of California on October 27, 2021,

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 28th day of October, 2021, at Walnut Creek, California.

JoAnna L. Brooks
Littler Mendelson, PC

4893-2948-3009.2 / 108426-1010

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2

SUPPLEMENTAL DECL. OF JOANNA BROOKS ISO
DEFTS' NOTICE TO FEDERAL COURT OF REMOVAL

EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/27/2021 12:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Khleif,Deputy Clerk

JOANNA L. BROOKS, Bar No. 182986
jbrooks@littler.com
DOMINIQUE N. THOMAS, Bar No. 231464
dnthomas@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:    925.932.2468
Fax No.:    925.946.9809

Attorneys for Defendants
AMI EXPEDITIONARY HEALTHCARE, LLC; and
AMI EXPEDITIONARY HEALTHCARE (USA), LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTHEW SAVATTIERI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMI EXPEDITIONARY HEALTHCARE, LLC, a Delaware liability company; AMI EXPEDITIONARY HEALTHCARE (USA), LLC, a Wyoming limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.  21STCV33372<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE KENNETH R. FREEMAN, DEPT 14<br><br>**DEFENDANTS AMI EXPEDITIONARY HEALTHCARE, LLC AND AMI EXPEDITIONARY HEALTHCARE (USA), LLC'S JOINT ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant AMI EXPEDITIONARY HEALTHCARE, LLC and Defendant AMI EXPEDITIONARY HEALTHCARE (USA), LLC ("Defendants") hereby answer Plaintiff's unverified Class Action Complaint by generally denying each and every allegation contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct alleged therein and by asserting the following separate and distinct additional affirmative defenses. Defendants further deny that this case is appropriate for class treatment.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following additional defenses.  Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State A Claim)**

1.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every alleged cause of action therein, fails to state a claim sufficient to constitute a cause of action upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

2.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every alleged cause of action therein barred, in whole or in part, by the applicable statute(s) of limitation, including without limitation, California Labor Code sections 203(b) and 2699.3, California Code of Civil Procedure sections 338, 340 and 343, and California Business and Professions Code section 17208.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Accord and Satisfaction)

3      3.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that

4 the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine

5 of accord and satisfaction, to the extent that some, or all, of the putative class members and purported

6 aggrieved employees Plaintiff seeks to represent have received, or will receive, compensation for any

7 outstanding wages, penalties, and/or damages purportedly due.

8

## FOURTH AFFIRMATIVE DEFENSE

9

### (Waiver)

10      4.      As a separate and distinct affirmative defense to the Complaint, Defendants allege,

11 based upon the belief that further investigation and discovery will reveal facts supporting such defense,

12 that Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

13

## FIFTH AFFIRMATIVE DEFENSE

14

### (Consent)

15      5.      As a separate and distinct affirmative defense to the Complaint, Defendants allege,

16 based upon the belief that further investigation and discovery will reveal facts supporting such defense,

17 that Plaintiff's claims are barred in whole or in part by the equitable doctrine of consent.

18

## SIXTH AFFIRMATIVE DEFENSE

19

### (Laches)

20      6.      As a separate and distinct affirmative defense to the Complaint, Defendants allege,

21 based upon the belief that further investigation and discovery will reveal evidence supporting such

22 defense, that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

23

## SEVENTH AFFIRMATIVE DEFENSE

24

### (Estoppel)

25      7.      As a separate and distinct affirmative defense to the Complaint, Defendants allege,

26 based upon the belief that further investigation and discovery will reveal facts supporting such defense,

27 that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

28

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.      As a separate and distinct affirmative defense to the Complaint, Defendants allege, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

9.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every alleged cause of action therein, is barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

## TENTH AFFIRMATIVE DEFENSE

### (Representative Action – Lack of Manageability)

10.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every alleged cause of action therein, cannot proceed as a purported representative action because of difficulties likely to be encountered that render the action unmanageable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Multiple Recoveries)

11.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff and/or the allegedly similarly situated aggrieved employees and/or the putative class Plaintiff seeks to represent are not entitled to multiple recoveries of civil penalties or unpaid wages for the same underlying alleged violations.

## TWELFTH AFFIRMATIVE DEFENSE

### (PAGA — Civil Penalties Limited to Initial Violation)

12.      As a separate and distinct affirmative defense to the Complaint, Defendants allege that, even assuming Defendants violated the California Labor Code, which Defendants deny, such violations were "initial" violations as defined under the PAGA, thereby precluding Plaintiff and/or the

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

allegedly similarly situated aggrieved employees from recovering penalties for "subsequent" violations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Less Than Maximum Award Required)

13.     As a separate and distinct affirmative defense to the Complaint, Defendants allege, without conceding that any penalties are due, that awarding the maximum amount of penalties under the PAGA would be "unjust, arbitrary, and oppressive or confiscatory" and thus improper. *See* CAL. LABOR CODE § 2699(e)(2).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Penalties – Violation of Due Process)

14.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that the imposition of replicating individual penalties would deprive Defendants of their constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Incidental Activities)

15.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every alleged cause of action therein, are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and any alleged aggrieved employee were engaged in activities which were preliminary, postliminary, or incidental to their principal activities.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Work)

16.     As a separate and distinct defense to the Complaint, Defendants allege that if Plaintiff or any putative class members or alleged aggrieved employee "worked" hours for which compensation was not paid, Defendants had no knowledge, or reason to know, of such "work," such "work" was not

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

suffered or permitted by Defendants, and such "work" was undertaken without the consent or permission of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal and Rest Breaks - Compliance)

17.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that any claims for failure to provide meal and/or rest breaks are barred, in whole or in part, because Defendants provided meal and rest breaks in compliance with California law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided)

18.     As a separate and distinct affirmative defense to the Complaint, assuming *arguendo* that Plaintiff or any putative class member or any alleged aggrieved employee was entitled to meal and/or rest breaks, Plaintiff and/or the putative class member and/or the alleged aggrieved employee either (1) failed to take breaks that were provided to them in compliance with California law, (2) chose not to take the breaks that were authorized and permitted, (3) chose not to take breaks without permission or the actual or constructive knowledge of Defendants, or (4) waived his/her right to meal breaks under California Labor Code section 512(a).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Labor Code §§ 201- 204 – Payment of All Wages)

19.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that they paid all wages due and owing at the time of Plaintiff or any putative class member or any alleged aggrieved employee separation from Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Labor Code §§ 201- 204 – Good Faith)

20.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that to the extent that Plaintiff or any putative class member or any alleged aggrieved employee was not paid all wages at the time of separation from Defendants, there is a good faith dispute as to any amount they claim were owed to them at the time of separation.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Labor Code § 226(e) – No Injury)

21.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff and/or the putative class members and/or the alleged aggrieved employees are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), they did not suffer any injuries as a result of any alleged violation of Labor Code section 226(a).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Knowing and Intentional Failure)

22.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff and/or the allegedly similarly situated aggrieved employees and/or the putative class Plaintiff seeks to represent are not entitled to any penalties pursuant to California Labor Code section 226 because Defendants did not knowingly and intentionally fail to comply with California Labor Code section 226.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

23.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every cause of action therein, is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff and/or the putative class members and/or the alleged aggrieved employees, or other putative beneficiaries of this action have asserted in prior legal or administrative proceedings, either as an individual or member of a class, that he or she was entitled to penalties or damages, and did not prevail on such claim.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Compromise and Release)

24.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every cause of action therein, is barred, in whole or in part, to the extent Plaintiff and/or the putative class members and/or the alleged aggrieved employees knowingly and voluntarily settled, compromised, and released claims alleged in this lawsuit.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

7

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Offset)

25.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that any recovery to which Plaintiff and/or the putative class members and/or the alleged aggrieved employees Plaintiff seeks to represent, might otherwise be entitled is subject to the doctrines of set-off, offset, and/or recoupment, and any such compensation must be setoff in an amount equal to the amount(s) recovered by and/or previously paid so as to prevent unjust enrichment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees and Costs)

26.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Injury Resulted From Act Or Omission Of Others)

27.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff's Complaint cannot be maintained against Defendants because any alleged losses or harms sustained by Plaintiff and/or any allegedly similarly situated aggrieved employees and/or alleged putative class members Plaintiff seeks to represent, if any (which Defendants deny), resulted from causes other than any act or omission, if any, by Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

28.     As a separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every cause of action therein, is barred by the doctrine of avoidable consequences because Plaintiff and/or the putative class members and/or the alleged aggrieved employees unreasonably failed to use the preventative and corrective opportunities provided to them, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm allegedly suffered.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

29.     As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint and each purported claim for relief set forth therein is barred in whole or in part, because any work of Plaintiff and/or any alleged "aggrieved employees, and/or the putative class he seeks to represent beyond their compensated workday/workweek was *de minimis*.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Acts)

30.     As a separate and affirmative defense to the Complaint, if Plaintiff and/or the putative class members and/or the alleged aggrieved employees he seeks to represent have suffered any harm/damages (which is expressly denied), said harm/damages were proximately caused by their own acts.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Independent Judgment)

31.     As a separate and affirmative defense to the Complaint, Defendants allege that any purported failure of Plaintiff, and/or the putative class members and/or the alleged aggrieved employees Plaintiff seeks to represent, to work on the clock or take meal and/or rest periods was the result of their exercise of discretion, independent judgment, and self-determination.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

32.     As a separate and affirmative defense to the Complaint, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff and/or some or all, of the putative class members and/or alleged aggrieved employees are barred by their own breach of the duties owed to Defendants pursuant to the California Labor Code, including but not limited to California Labor Code sections 2853 to 2859.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Substantial Compliance/Good Faith)

33.     As a separate and affirmative defense to the Complaint, Defendants allege that, even

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

assuming, arguendo, Defendants failed to comply with any provision of the Labor Code, Defendants substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate under the circumstances. For the same reason, should the Court find a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendants due to Defendants' good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Injuries Not Proximately Caused by Unlawful Policy)

34.     As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint is barred to the extent that the alleged injuries of Plaintiff and/or the alleged putative class members and/or the alleged aggrieved employees Plaintiff seeks to represent were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. During the relevant time period, Defendants maintained legally-compliant policies which included, but were not limited to, policies regarding overtime, workweek schedules, expense reimbursements, and provision of meal and rest periods. These policies were generally distributed to employees, including Plaintiff. Employees generally acknowledged receipt of these policies.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Wage Orders – Violation of Due Process)

35.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Class Action Denies Defendants' Due Process Rights)

36.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's Complaint, and each purported cause of action therein, is barred because the certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Defendants' due process rights, both substantive and procedural, and to a trial by jury, in violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection clauses of Article I, Section 7 of the California Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class-Wide Proof Violates Constitution)

37.    As a separate and affirmative defense to the Complaint, and each and every cause of action therein, allege that the adjudication of the claims of the putative classes through generalized class-wide proof violates Defendants' right to a trial by jury under the United States Constitution and the Constitution of the State of California.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

38.    As a separate and affirmative defense to the Complaint, Defendants allege that the penalties in Plaintiff's Complaint are barred, or any penalties awarded must be minimized, because (1) there are bona fide disputes as to whether further compensation is due to Plaintiff and/or the alleged putative class and/or the alleged aggrieved employees on whose behalf he seeks to collect wages and/or civil penalties, and, if so, as to the amount of such further compensation (2) Defendants have not willfully failed to pay such additional compensation, if any is owed, and (3) to impose penalties would be inequitable and unjust.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing or Willful)

39.    As a separate and affirmative defense to the Complaint, Defendants allege that, even if Plaintiff and/or the alleged putative class and/or the alleged aggrieved employees Plaintiff seeks to represent are entitled to any additional compensation, which Defendants deny, Defendants have not willfully or intentionally failed to pay any such additional compensation to justify an award of penalties or fees, whether under California Labor Code section 204 or otherwise.

///

///

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

11

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

**FORTIETH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

40.     As a separate and affirmative defense to the Complaint, Defendants allege that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendants had reasonable grounds for believing that its practices complied with applicable laws and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff, and the alleged putative class and/or the alleged aggrieved employees Plaintiff seeks to represent, are not entitled to any penalties.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(No Compensation for Alleged "Off-the-Clock" Work)**

41.     As a separate and affirmative defense to the Complaint, Defendants allege that any "off-the-clock" hours worked alleged by Plaintiff and/or the putative class or allegedly similarly situated aggrieved employees are not compensable hours worked within the meaning of the California Labor Code, the applicable Wage Orders of the Industrial Welfare Commission, and/or other applicable law, and/or Plaintiff's claims on behalf of himself and/or the putative class or allegedly similarly situated aggrieved employees are barred as to all "off-the-clock" hours allegedly worked of which Defendants lacked actual or constructive knowledge.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(No Reimbursement Entitlement)**

42.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff and some, or all, of the putative class members or alleged aggrieved employees are barred from recovering penalties due to there being no grounds for reimbursement under Labor Code section 2802, including the lack of unreimbursed necessary expenditures.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Unreasonable Expenses)**

43.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's claim for expense reimbursement under Labor Code § 2802 fails because the expenses for

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA. 94597
925.932.2468

12

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

which Plaintiff and/or alleged aggrieved employees claim are the basis for penalties, were not necessary, not reasonable and/or not incurred in direct consequence of the discharge of his/their duties for Defendants.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Knowledge of Business Expenses)

44.    As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's claim for expense reimbursement under Labor Code § 2802 is barred on the basis that Defendants neither knew nor had reason to know that Plaintiff and/or putative class or the aggrieved employees had incurred any reimbursable expenses.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Unfair Business Practices Claim Violates Due Process)

45.    As a separate and affirmative defense to the Complaint, Defendants allege that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, et seq., is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, and right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendants from raising individual defenses against each putative class member.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 – Compliance with Obligations)

46.    As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's claims are barred, in whole or in part, because of Defendants' compliance with all applicable laws, statutes and regulations, said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code section 17200, *et seq.*

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 – No Penalties)

47.    As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff and/or the putative class he seeks to represent cannot recover penalties, such as those under California

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA. 94597
925.932.2468

13

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

1  Labor Code sections 203 and 226, pursuant to California Business and Professions Code section

2  17200, et seq.

3  ### FORTY-EIGHTH AFFIRMATIVE DEFENSE

4  ### (Plaintiff's Claims Moot)

5  48.    As a separate affirmative defense to the Complaint, Defendants are informed and

6  believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis

7  allege, that Plaintiff's claim for alleged violations of California Business and Professions Code Section

8  17200, *et seq.*, is barred because, to the extent that Plaintiff's Complaint seeks to enjoin Defendants

9  from engaging in "unfair" or otherwise "unlawful" business practices, if any, such claims are moot

10  because, assuming arguendo that Defendants engaged in such business practices, Defendants have

11  since discontinued, modified and/or corrected its policies and practices and it did not long engage in

12  the alleged conduct.

13  ### FORTY-NINTH AFFIRMATIVE DEFENSE

14  ### (No Injury)

15  49.    As a separate and affirmative defense to the Complaint, Defendants are informed and

16  believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis

17  allege, that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred because

18  Plaintiff and the alleged putative class and/or the alleged aggrieved employees Plaintiff seeks to

19  represent have not suffered any injury from any alleged act or failure by Defendants.

20  ### FIFTIETH AFFIRMATIVE DEFENSE

21  ### (No Standing)

22  50.    As a separate and affirmative defense to the Complaint, Defendants are informed and

23  believe that the Complaint, and each cause of action set forth therein, is barred because the named

24  Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the

25  putative class members.

26  ///

27  ///

28  ///

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

14

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

**(No Class Action)**

51.     As a separate and affirmative defense to the Complaint, Defendants allege the Complaint, and each and every cause of action set forth therein as a representative or class action, fails because: (a) common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; (b) Plaintiff's claims are not representative or typical of the claims of the putative class members; (c) Plaintiff and the putative class counsel are not adequate representatives for the putative class; and/or (d) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the putative class members does not exist.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

**(Class Action-Certification Prerequisites)**

52.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(Class Action-Lack of Superiority)**

53.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff has not shown and cannot show that class treatment of the purported causes of action in his Complaint is superior to other methods of adjudicating the controversy.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

**(Class Action-Lack of Numerosity)**

54.     As a separate and affirmative defense to the Complaint, Defendants allege that the alleged putative group that Plaintiff purports to represent is not so numerous that joinder is impossible.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

**(Class Action-No Damages)**

55.     As a separate and affirmative defense to the Complaint, Defendants allege that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

15

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

process because the use of representative evidence or statistical sampling could/would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (PAGA-Equal Protection)

56.    As a separate and affirmative defense to the Complaint, Defendants allege that any claims based on the PAGA are barred, in whole or in part, because the prosecution of this matter as a representative action under PAGA, and/or an award of penalties pursuant to the PAGA, would violate the Equal Protection Clause of the United States and California Constitutions, as it arbitrarily and unjustly exempts some employers to the exclusion of others. *See* Cal. Labor Code § 2699.6.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

57.    As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint is barred in whole or in part to the extent that Plaintiff has failed to properly exhaust all of the contractual, administrative and/or statutorily required remedies prior to filing suit, including his failure to timely exhaust the notice and other administrative requirements set out in the California Private Attorneys General Act, Labor Code § 2698, *et seq*.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Insufficient Notice To LWDA)

58.    As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff failed to provide the LWDA sufficient notice of his claims, the names of the "aggrieved employees" on whose behalf he intends to seek penalties, and/or the facts underlying his claims to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiff's notice was deficient and the Court lacks jurisdiction over his claims under the PAGA.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### (PAGA-Claims Exceed Scope of Notice)

59.    As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because, assuming *arguendo* that Plaintiff did attempt to exhaust his administrative remedies with the LWDA,

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

16

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

the causes of action asserted in the Complaint exceed the scope of any potential charges filed with the LWDA.

## SIXTIETH AFFIRMATIVE DEFENSE

### (No Aggrieved Employee)

60.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's PAGA claim is barred because Plaintiff and/or the allegedly similarly situated aggrieved employees lack standing to sue pursuant to the PAGA, as none of them are "aggrieved" within the meaning of the PAGA.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (No Private Right of Action)

61.     As a separate and affirmative defense to the Complaint, Plaintiff's claims for alleged failure to pay for missed meal and rest periods are barred because there is no private right of action under California Labor Code Sections 226.7 or 512.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Perform Necessary Conditions)

62.     As a separate and affirmative defense to the Complaint, Defendants allege Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and/or the allegedly similarly situated aggrieved employees and/or the putative class Plaintiff seeks to represent failed to perform the necessary conditions to give rise to an obligation by Defendants to pay any of the claimed wages.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### (Full Performance)

63.     As a separate and affirmative defense to the Complaint, Defendants allege the Complaint and each cause of action therein, or some of them, cannot be maintained because, without admitting the existence of any duties or obligations as alleged in the Complaint, Defendants have fully performed, satisfied, or discharged any obligations allegedly owed to Plaintiff and the allegedly similarly situated aggrieved employees and/or alleged putative class members Plaintiff seeks to represent.

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

17

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

#### (CAL. LAB. CODE § 204 — No Additional Substantive Right to Wages)

64.     As a separate and affirmative defense to the Complaint, Defendants allege that civil penalties pursuant to California Labor Code section 210 are barred because section 204 governs only the timing of the payment of wages and does not create an additional substantive right to wages themselves.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

#### (Excessive Fines)

65.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's claims are barred, in whole or in part, because such claims violate the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 7 and 8 of the California Constitution, including the prohibition against excessive fines and punishment.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

#### (PAGA – Unconstitutionally Violative of Separation Of Powers)

66.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's Complaint under PAGA is unconstitutional on the basis that it violates the separation of powers doctrine by empowering private attorneys to prosecute public claims, thereby impairing the judiciary's inherent power to regulate attorney conduct.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No PAGA Determination on A Class-Wide or Group Basis)

67.     As a separate and affirmative defense to the Complaint, Defendants allege that this PAGA claims are barred because penalties under PAGA cannot be determined on a class-wide or group basis.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

#### (PAGA Unconstitutionally Vague)

68.     As a separate and affirmative defense to the Complaint, Defendants allege the Complaint is barred because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case, and Plaintiff's Complaint is barred because the prosecution of this

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

18

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

action by Plaintiff as a representative of other "aggrieved employees" would constitute a denial of Defendants' due process rights, both procedural and substantive, in violation of the Fourteenth Amendment of the United States Constitution and the Constitution and laws of the State of California. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

## SIXTY-NINTH AFFIRMATIVE DEFENSE

### (PAGA Violates Equal Protection)

69.     As a separate and affirmative defense to the Complaint, Defendants allege that the Complaint is barred, in whole or in part, because PAGA, both in general and as applied to this case, violates the Equal Protection Clause of the United States and California Constitutions.

## SEVENTIETH AFFIRMATIVE DEFENSE

### (Exempt)

70.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff and/or the allegedly similarly situated aggrieved employees and/or the putative class Plaintiff seeks to represent are not entitled to penalties or unpaid wages as a result of any alleged non-payment of overtime wages and/or failure to provide meal periods and rest breaks to the extent that at least some of them were exempt under the administrative, executive, and/or managerial exemptions arising under the California Labor Code, including California Labor Code §§ 226.7(e), 515, applicable Wage Orders, and applicable regulations, considering appropriate tacking of exemptions.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

### (Pre-Judgment Interest Uncertain)

71.     As a separate and affirmative defense to the Complaint, Defendants allege, without conceding that any penalties are due, that Plaintiff and the allegedly similarly situated aggrieved employees and the putative class Plaintiff seeks to represent are not entitled to prejudgment interest because their claims do not qualify for such interest as the penalties claimed are not sufficiently certain to allow an award of prejudgment interest.

///

///

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

19

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

### (Maintenance of Action Is Frivolous, Vexatious, And Unreasonable)

72.     As a separate and affirmative defense to the Complaint, Defendants allege that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, and was filed in bad faith, thereby entitling Defendants to recovery of their reasonable attorneys' fees and costs pursuant to California law including, but not limited to California Labor Code section 218.5.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment from the Court that:

1.     Plaintiff takes nothing by this action;

2.     The Complaint be dismissed in its entirety with prejudice;

3.     Defendants be awarded their costs of suit incurred herein;

4.     Defendants be awarded their attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

5.     Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: October 27, 2021

LITTLER MENDELSON P.C.

JoAnna L. Brooks
Dominique N. Thomas

Attorneys for Defendants
AMI EXPEDITIONARY HEALTHCARE,
LLC; and AMI EXPEDITIONARY
HEALTHCARE (USA), LLC

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

20

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT

**<u>PROOF OF SERVICE BY ELECTRONIC TRANSMISSION</u>**

I am employed in Contra Costa County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597.  On October 27, 2021, I served a copy of the within document(s):

> DEFENDANTS AMI EXPEDITIONARY HEALTHCARE, LLC AND AMI EXPEDITIONARY HEALTHCARE (USA), LLC'S JOINT ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is gcamacho@littler.com:

> Jonathan M. Gerish
> jgerish@blackstonepc.com
> Matthew Dietz
> mdietz@blackstonepc.com
> Joana Fang
> jfang@blackstonepc.com
> BLACKSTONE LAW, APC
> 8383 Wilshire Blvd, Suite 745
> Beverly Hills, CA 90211
> Telephone: (310) 622-4278

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 27, 2021, at Walnut Creek, California.

*Gina Camacho*

_____

Gina R. Camacho

4821-3833-1135.1 / 108426-1000

LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' JOINT ANSWER TO CLASS ACTION COMPLAINT